EGGERS *et al.* v. PHILIPPSON, (four cases.)

*(Common Pleas of New York City and County, General Term.* June 20, 1889.)

NEGOTIABLE INSTRUMENTS—CONSIDERATION—ACCEPTANCE OF OTHER BILLS.

It appeared that the drawers of bills of exchange owed plaintiffs, to whom the bills were payable, more than the amount of the bills, and that drawee, who accepted them, was indebted to the drawer. When the drawer sent the bills to plaintiffs he notified them that he had drawn on them in favor of one S. for a like amount. *Held*, that there was nothing to show that the consideration of the bills payable to plaintiffs was the acceptance of the bills drawn on them.

Appeal from city court of New York, general term.

Actions begun in the city court by Otto J. Eggers and another against Paul Philippson, to recover the amount of four drafts drawn on defendant by Caraza & Co., and accepted by him. Caraza & Co., owing plaintiffs a certain amount of money, wrote them the following letter: "We inclose B. of L. for our shipment to Messrs. L. Philippson & Co., per 'C. of Atlanta,' and take

the liberty to inclose to our B. E. Nos. 1,430 to 1,433, 30 days' sight for $1,000 each, or $4,000 all, which we beg you to collect and pass to our account. To-day we took the liberty to draw on you our letters of exchange, letters 1,426–9, 60 days' sight, for $1,000 each, together $4,000, order of H. Sherer & Co., of Mexico, begging you to honor our signature as usual, with charge to our account. We will remit very soon to you amounts at short sight, or goods in a sufficient quantity." Defendant accepted the four drafts; but plaintiffs notified Caraza & Co. that they declined to accept the Sherer drafts unless they cabled covering, as they did not consider the drafts on defendant satisfactory, and thereafter the Sherer drafts were protested. Judgments were entered on the verdicts in favor of plaintiffs, and defendant moved for a new trial. In denying the motion, EHRLICH, J., delivered the following opinion:

"A patient examination of the brief and authorities of defendant's counsel has failed to show any error in the direction of a verdict for plaintiffs. The making of the draft on defendant in plaintiff's favor, its acceptance by defendant, and the non-payment and protest thereof, are all admitted. The only defense pleaded is want or failure of consideration for the acceptance. To establish this defense an attempt is made to prove there was want or failure of consideration to the maker for the making of the draft, and that plaintiffs failed to accept the draft by the maker of the draft in suit on the plaintiffs for a like amount, which was the sole consideration of the draft in suit. Assuming that this defense would be available to the defendant as acceptor, no evidence tending to establish it was offered. The maker of the draft had no power, after its delivery and acceptance, to cancel it, or in anywise to impair its validity. The fact that a draft in favor and a draft upon the plaintiffs, each for a like amount, were made by the same party, at the same time, the drawees being different, proves nothing. The jury would have no right to infer from such a state of facts that the two drafts formed but one transaction, or that the validity of one depended upon the acceptance or payment of the other. On the contrary, the only just or reasonable inference would be that they were separate and independent matters. No diversion of the draft or its proceeds was proved, and none was pleaded. It does not seem needful to review the authorities or prolong the discussion. The legal presumption is that the defendant drawee had in his possession funds or credits of the maker, against which the draft was drawn. After his acceptance his position as to the holder is that of principal debtor, and the maker becomes a surety only. The principal debtor may not evade liability by showing that the surety was not properly compensated for entering into the contract of suretyship. The motion for a new trial should be denied."

This decision was affirmed by the general term of the city court, in the following opinion, filed February 27, 1889:

"PER CURIAM. The actions were on four drafts or bills of exchange drawn at Vera Cruz, Mexico, on May 25, 1888, by the firm of Caraza & Co., on the defendant Philippson, to the order of plaintiff, for $1,000 each, payable thirty days after sight, for value received. At sight, and on June 4, 1888, defendant accepted said bills. They were not paid at maturity, were protested, and due notice of dishonor given. The answer denied that the bills were drawn or accepted for value, and alleged total failure of consideration therefor, in that said bills were drawn by Caraza & Co., and accepted by defendant on the condition that plaintiff would accept and pay certain other bills of exchange drawn by Caraza & Co. on the plaintiff, and that the bills or drafts in suit were drawn and accepted for the sole purpose of securing plaintiffs against the acceptance and payment by them of bills so drawn upon them, and that the plaintiff neglected and refused to pay said drafts. We have carefully examined the case on appeal, and failed to discover that any such condition was imposed upon the plaintiff at the time the drafts were received by him, or

were accepted by the defendant. The evidence shows that the drawers of the drafts were, at the time the drafts were sent, indebted to the plaintiff in an amount exceeding the amount of the drafts. That Philippson, the defendant, was the agent of Caraza & Co., and that he, at the time he accepted the drafts, was indebted to them for consignments which they had made to him. We have examined the exceptions taken on the trial, and find them without force. For these reasons and those stated by the trial judge, in his opinion, the judgment appealed from should be affirmed, with costs."

Defendant appeals.

Argued before ALLEN and BOOKSTAVER, JJ.

*Kaufmann & Sanders,* for appellant. *H. D. Hotchkiss,* for respondent.

PER CURIAM. These actions were brought upon four drafts or bills of exchange, drawn at Vera Cruz, Mexico, on the defendant Philippson, to the order of the plaintiffs, for $1,000 each, payable 30 days after sight, for value received. The defendant accepted said bills. They were not paid at maturity, but were protested, and due notice of dishonor was given. The defendants, on the trial in the court below, and on this appeal, contended that there was a failure of consideration for the acceptance of the drafts, and that such acceptance was on the condition that the plaintiffs accept and pay certain other bills of exchange, and that the bills or drafts in suit were drawn and accepted for the sole purpose of securing plaintiffs against such other acceptance. In our judgment the testimony entirely fails to establish this contention. On the contrary, it shows that the drawers of the drafts in question were at the time they were sent indebted to the plaintiffs in an amount exceeding the amount of the drafts. The advice accompanying the drafts cannot be construed into creating the condition contended for by the appellant. We think there was no error in the court below, and that the judgment should be affirmed.